UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOORISH SCIENCE TEMPLE OF AMERICA, et al.,

        Plaintiffs,

    v.

SIERRA PACIFIC MORTGAGE COMPANY,

        Defendant.

No. 2:18-cv-02094-TLN-GGH

ORDER

On August 8, 2018 Howell EL and Love EL filed a complaint in which they appear "in propria persona" and purport to represent the interests of the Moorish Science Temple of America which, according to documents attached to the Complaint they signed, is a corporate entity apparently challenging efforts of defendant to enforce a mortgage loan agreement between defendant and the named plaintiff. ECF No. 1. Simultaneously filed was a petition to proceed with the suit in forma pauperis signed by Grand Sheik Love EL. ECF No. 2.[1]

---

[1] The two signatories to the Complaint and the Application expressly eschew acceptance of the "pro se" status normally conferred by this court in favor of in propria persona status. The two terms are both defined in most legal dictionaries as meaning "acting on in one's own benefit" or "in one's own proper person," meaning appearing in court proceedings without the assistance of an attorney. See Back's Law Dictionary. The Local Rules of this District defines a "Pro se

1

## *IN PROPRIA PERSONAM APPLICATON*

The in propria persona application at issue here was signed by plaintiff Grand Sheik Love El, who sues as an individual. It is to be noted, however, that the issue seems to be the loan running between the plaintiff Moorish Science Temple of American [hereinafter "the Temple"], in which plaintiff Grand Sheik Love El appears to have no interest and to which he seems to have no legal connection. The court did review the application, however, and finds that this plaintiff lacks the economic resources to pay the fees and costs that will be incurred in this lawsuit and will, therefore, grant the motion. However, eligibility for in forma pauperis status does not, of itself, establish the sufficiency of the claims made here nor the rights of the other plaintiffs to acquire pro per status.

In particular, the one valid plaintiff, assuming the court is correct that the issue is the status of the mortgage purportedly held by the defendant on the Temple's property, also purports to be appearing in pro se (or pro per as the case may be). The federal courts throughout the country are clear however, that a corporation, or a corporate body, or a business association cannot appear on its own behalf but must be represented by licensed counsel. In general, 28 U.S.C. section 1654 would seem to permit pro se appearance by any party to a litigation, whether plaintiff or defendant.[2] But such is not the case with corporations and other entities. Virtually every circuit court in the country has specifically held that pro se status is not available to entity parties. The Circuit of which this court is a constituent element, the Ninth Circuit Court of Appeals, has held that "a corporation may appear in federal court *only through licensed counsel.* U. S. v. High Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993)(emphasis added), *citing* Rowland v. California Men's Colony, 506 U.S. 194 (1993). In Rowland the Supreme Court noted that the statute permitting in pro se (in propria persona) status, 28 U.S.C. section 1915(a) speaks of "persons" unable to employ counsel, id. at 506 U.S. 202, and goes on to note

---

action" as one "In which all the plaintiffs or all the defendants are proceeding in propria persona. In these Rules, "pro se" and "in propria persona" are used interchangeably. L.R. No. 101.

[2] The statute reads as follows: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts respectively, are permitted to manage and conduct causes therein."

2

1  that "it has been the law for the better part of two centuries, for example, that a corporation may
2  appear in the federal courts only through licensed counsel." Id.  The Court then goes on to cite
3  cases emanating from the Ninth, Second, Third, Fifth, Seventh, Sixth and Federal Circuit Courts
4  of Appeals.  Id.  The court further pointed out that section 1915(a) refers to one who "cannot
5  because of his poverty pay or give security for the costs . . . and still be able to provide [for]
6  himself and dependents," a condition that cannot be applied to corporations or associations which
7  may be "insolvent" but cannot be "spoken of as "poor."  Id. at 203.  Finally, "[b]ecause artificial
8  entities cannot take oaths, they cannot make affidavits."  Id. *citing, inter alia*, In re Empire
9  Refining Co., 1 F.Supp. 548, 549 (S.D.Cal. 1932).[3]  Thus it is clear that the Temple may not
10 continue as plaintiff in this case unless it is represented by licensed counsel and, as a result, the
11 complaint will be dismissed.  This is not, however, the only defect in the complaint at issue.

*THE COMPLAINT*

13 The complaint is, in the main, a description of the information the plaintiffs wish to
14 acquire with regard to the mortgage that is at issue in the litigation reading much like a request for
15 production of documents that would be posited once the defendant has responded to the
16 complaint.  ECF No. 1 at 2-3.  The complaint then goes on to list the legal claims, by name and,
17 where appropriate applicable code sections, id. at 3, and then poses another series of "[q]uestions
18 that has [sic] been asked in Court" this time mimicking interrogatories normally posed after the
19 suit has been perfected.  There is no discussion of who did what, when anything purportedly
20 violative of law took place, the methods used, etc. It then has attached documents that purport to
21 revoke a power of attorney without explaining the significance of the power itself.

22 The federal IFP statute requires federal courts to dismiss a case if the action is legally
23 "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks
24 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).
25 Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting
26 the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

---

[3] It is not insignificant that this case was cited in the Supreme Court's decision Rowland.

3

The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what legally cognizable way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

Here, the one plaintiff who appears both pro per and in forma pauperis, appears to have no standing to prosecute the action insofar as he appears to have no connection to the mortgage interest apparently being challenged. The actual interest holder, the Temple, cannot appear pro se and must be represented by counsel, which it is not at this time. The complaint does not contain a "short and plain" statement setting forth the basis for federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1)(3). The exact nature of what happened to the "real" plaintiff is obscured by the incomprehensible complaint which reveals little of the nature of the dispute and even that is not found in the complaint itself but in documents attached to the Complaint from which assumptions must be drawn to even attempt to understand the nature of the dispute at hand. Given the state of the complaint the court has no choice but to dismiss it as frivolous, but allow amendment under very specific circumstances.

*AMENDING THE COMPLAINT*

If the Temple, which appears to be the only real party in interest in this case, can acquire counsel and chooses to amend the complaint, any such amendment must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what

5

happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Eastern District of California Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (*citing* 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Presumably this will not be an overly difficult task for a licensed counsel.

*CONCLUSION*

In light of the foregoing IT IS HEEREBY ORDERED that:

1. Plaintiff Grand Sheik Love EL's request to proceed in forma pauperis (ECF No. 2) is GRANTED;[4]

2. The complaint (ECF No. 1), is DISMISSED because the real party in interest

---

[4] Granting this status should not be interpreted to mean that this court finds Grand Sheik EL to be a proper party plaintiff, because as discussed above he clearly is not under the current complaint. If this plaintiff cannot plead a connection to and an interest in the claims ultimately presented by the Temple he should not participate as a plaintiff in filing the amended complaint.

6

cannot go forward without representation by counsel and the present complaint does not contain the short and plain statement of the claim required by Rule 8(a).

3. Plaintiff Temple shall have 45 days from the date of this order to acquire counsel and for that counsel to file an amended complaint that complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

4. The Amended Complaint shall be so denoted in the caption of the document as "First Amendment Complaint."

**IT IS SO ORDERED.**

Dated: September 3, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE